PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAKIR A. PROVITT, | ) | |
| | ) | CASE NO. 4:22-CV-486 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| J.T. THORPE & SON, INC., *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Regarding ECF Nos. 27, 30] |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. *See* ECF No. 27. Plaintiff responded with a Notice of Denial/Affirmative Defenses. *See* ECF No. 28. Defendants timely replied. *See* ECF No. 29. Plaintiff also filed a Motion to Strike. *See* ECF No. 30. Defendants timely responded. *See* ECF No. 31. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion to Strike.

**I.      Background**

Plaintiff Shakir A. Provitt is a skilled laborer with a degree in construction management. ECF No. 26 at PageID #: 211. Plaintiff, an African American male, began work with Defendant J.T. Thorpe on February 8, 2021. ECF No. 1-5 at PageID #: 12. Plaintiff alleges that during his tenure at J.T. Thorpe several discriminatory incidents occurred, leading to his unlawful termination.

(4:22CV486)

After Plaintiff began work at J.T. Thorpe, Plaintiff claims that a general foreman, Defendant Rory Jech,[1] began calling him "cuz." ECF No. 26 at PageID #: 211. Plaintiff explains the implications of this terminology:

> "cuz" can sometimes be a shortened version of "cousin" and may have a familial connotation, [but] it is also used by members of gangs when greeting other fellow gang members. To be perfectly clear, use of this term by a Caucasian manager to a [B]lack subordinate, in any context is extremely offensive and uncalled for in the workforce.

ECF No. 26 at PageID #: 211. Plaintiff claims he politely but firmly requested Jech to stop calling him "cuz," but Jech allegedly continued. ECF No. 26 at PageID #: 211

Later one Saturday, Plaintiff alleges that Jech approached him in an "aggressive manner" and inquired into the whereabouts of another laborer. ECF No. 26 at PageID #: 212. Plaintiff claims that Jech's actions revealed "his racist assumption that just because the missing laborer and [him] are both [B]lack men that we must automatically know each other." ECF No. 26 at PageID #: 212. Plaintiff contests that he did not know the missing worker and knew nothing concerning his whereabouts. ECF No. 26 at PageID #: 212. Plaintiff alleges that days after this encounter, he was laid off, on March 1, 2021. ECF No. 26 at PageID #: 212.

After these events unfolded, Plaintiff, with representation, sent Defendants a notice letter, containing facts and allegations later contained in Plaintiff's Complaint and Amended Complaint. ECF No. 1-6 at PageID #: 14-18. Plaintiff also filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Ohio Civil Rights Commission and was later issued a notice of right to sue on December 27, 2021. ECF No. 1-2 at

---

[1] Plaintiff refers to "Rory Jech" as "Rory Doulbe" in his Amended Complaint (ECF No. 26).

2

(4:22CV486)

PageID #: 8. Plaintiff filed a *pro se* Complaint (ECF No. 1) and, subsequently, an Amended Complaint (ECF No. 26). Defendants filed a Motion to Dismiss the Amended Complaint. *See* ECF No. 27. In response, Plaintiff filed a Notice of Denial/Affirmative Defense (ECF No. 28).[2] After Defendants filed their Reply (ECF No. 29), Plaintiff filed a Motion to Strike the motion to dismiss (ECF No. 30). Defendants filed a timely response (ECF No. 31) to the motion to strike. All motions are ripe for ruling.

## II. Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

---

[2] The Court liberally construes Plaintiff's Notice of Denial/Affirmative Defense (ECF No. 28) as a response to the Motion to Dismiss. The Court notes that the Response largely contains the Plaintiff affirming, denying, or stating he has no knowledge, as to statements from the Motion to Dismiss.

3

(4:22CV486)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

On a motion made under Rule 12(b)(6), the Court's inquiry is generally limited to the content of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account without converting the motion to one for summary judgment." *Ira Svendsgaard & Assoc., Inc. v. AllFasteners USA, LLC*, No. 1:20 CV 328, 2021 WL 4502798, at *3 (N.D. Ohio Oct. 1, 2021) (Nugent, J.) (citing *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

(4:22CV486)

### III. Discussion

### A. Title VII Race Discrimination Claim

Defendants seek to dismiss Plaintiff's race discrimination claim because "the only allegations supporting [Plaintiff's] claim are stray remarks and he fails to allege that comparable, non-protected employees were treated more favorably." ECF No. 27 at PageID #: 221.

In the motion to dismiss stage, a plaintiff who asserts a federal employment-discrimination claim is not required to plead facts to establish a prima facie case for relief. *Lindsey v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007). However, the complaint must allege sufficient factual content so a court can "draw the reasonable inference" of racial discrimination. *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015).

Title VII of the Civil Rights Act makes it illegal for any employer to discharge an individual because of their sex or race. 42 U.S.C. § 2000e-2.[3] A plaintiff can prove racial discrimination by proffering either direct or circumstantial evidence. *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 302 (6th Cir. 2016) (citing *Johnson v. Kroger Co.*, 319 F.3d 858, 864-65 (6th Cir. 2003)). Plaintiff contends that "Mr. [Jech] was comfortable with racism," and "Mr. [Jech] will not be able to show [the decision to terminate Plaintiff] was neutral and nondiscriminatory." ECF No. 26 at PageID #: 211-212. Plaintiff relies on two instances to support his claims (1) Defendant Jech calling him "cuz" and (2) Defendant Jech questioning Plaintiff about a missing coworker. ECF No. 26 at PageID #: 211-212. Defendants contend that

---

[3] Plaintiff also brings a state law racial discrimination claim. Ohio Rev. Code Ann. § 4112.02(A). "The scope of § 4112.02(A) is identical to that of the federal anti-discrimination statutes laid out in Title VII," so Plaintiff's federal and state claims will be considered together. *Waldron v. Wal-Mart, Inc.*, No. 2:20-CV-06272, 2021 WL 3367540 (S.D. Ohio Aug. 3, 2021).

5

(4:22CV486)

Plaintiff does not provide direct evidence and fails to plead sufficient facts for a plausible discrimination claim through indirect evidence.

1. Direct Evidence

Direct evidence does not require a factfinder to draw any inferences to conclude that unlawful discrimination was, at least in part, a motivating factor in the employer's action. *Igwe v. Salvation Army*, 790 F. App'x 28, 34 (6th Cir. 2019). "Isolated and ambiguous comments are insufficient to support a finding of direct discrimination." *Id.* (quoting *White v. Columbus Metro Hous. Auth.*, 429 F.3d 232, 239 (6th Cir. 2005). "Whatever the strength of the evidence, it is not 'direct' evidence [if] it admits more than one plausible interpretation, and requires a significant inference or presumption on the part of the trier of fact." *Kocak v. Cmty Health Partners of Ohio, Inc.*, 400 F.3d 466, 471 (6th Cir. 2005) (quoting *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 382 (6th Cir. 2002)). If an inference must be drawn from the evidence to conclude that an employer showed animus towards a protected class—for example, if an inference is required to reach the conclusion that a comment refers to a protected class or the plaintiff's membership in a protected class—then the evidence is not direct evidence. *Zivkovic v. Juniper Networks, Inc.*, 450 F. Supp. 2d 815, 825 (N.D. Ohio 2006). "Direct evidence of discrimination is rare because employers generally do not announce that they are acting on prohibited grounds." *Erwin v. Potter*, 79 F. App'x 893 (6th Cir. 2003).

Defendants argue that the use of "Cuz" is not direct evidence establishing disparate treatment. In his Response, Plaintiff simply "denies" that "Cuz" can have different meanings.[4]

---

[4] Plaintiff additionally cites to "Exhibits 1 and 2" which are affidavits attached to his Response. *See* ECF No. 28-1, 28-2. A court evaluating a motion to dismiss may consider "the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long

(4:22CV486)

ECF No. 28 at PageID #: 242. Plaintiff admits in his Amended Complaint that "Cuz" "can sometimes be a shortened version of 'Cousin' and may have a familial connotation, it is also used by members of gangs when greeting other fellow gang members." ECF No. 26 at PageID #: 211. Plaintiff's own Amended Complaint casts doubt on the meaning and usage of the word "Cuz." Plaintiff requests the Court to draw inferences to conclude Defendant Jech's use of "Cuz" was discriminatory. Viewing the evidence in the light most favorable to Plaintiff, it was inappropriate, but the Court does not find the ambiguous use of "Cuz" direct evidence of discrimination.

Additionally, Defendants raise that Plaintiff did not allege that Jech made any racist remarks or comments about race when he asked Plaintiff about the missing laborer. Therefore, the Court does not find this set of facts to be direct evidence of discrimination.

2. Indirect Evidence

If a plaintiff does not present direct evidence of discrimination in support of a Title VII claim, a claim can still be established through indirect evidence. The plaintiff carries the initial burden of presenting a prima facie case of unlawful discrimination. Johnson v. Kroger Co., 319 F.3d 858, 866 (6th Cir. 2003). A prima facie case of discrimination through indirect evidence requires:

> (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for his job and performed it satisfactorily; (3) despite his qualifications and performance, he suffered an adverse employment action; and (4) that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

---

as they are referred to in the complaint and are central to the claims contained therein." Kreipke v. Wayne State Univ., 807 F.3d 768, 774 (6th Cir. 2015). The affidavits submitted by Plaintiff do not fall within the categories of documents that may be considered at this point of the litigation, so the Court may not and will not consider them.

(4:22CV486)

Hughes v. Gen. Motors Corp., 212 F. App'x 497, 502 (6th Cir. 2007).

As previously stated, Plaintiff does not need to establish a prima facie case at this stage, but he must still allege sufficient factual content to make a claim for relief plausible. *See* Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir. 2012) ("[T]he pleading requirements for Title VII claims are no different than those for other claims[.]"). Discussing plausibility, "[i]n James v. Hampton, 592 F. App'x 449 (6th Cir. 2015), the Sixth Circuit indicated that a plaintiff must plead 1) membership in the protected class, 2) specific adverse employment actions taken against the plaintiff, and 3) instances in which the plaintiff was treated less favorably than others not in the protected class. *Id.* at 461 (discussing *Swierkiewicz* and *Keys*)." Jodry v. Fire Door Sols., No. 3:20-CV-00243, 2020 WL 7769924, at *4 (M.D. Tenn. Dec. 30, 2020).

Defendants argue that Plaintiff fails to allege that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class. In his Response, Plaintiff denies that "Provitt does not claim he was replaced by anyone or that he was treated less favorably than similarly situated, non-protected employees" and cites to his attached affidavits, but he fails to allege facts to support that. ECF No. 28 at PageID #: 243. While Plaintiff does not need to establish a prima facie case, he does need to plead sufficient facts making a claim for relief plausible. Plaintiff fails to provide any facts that he was treated less favorably than others in the protected class or allege that he was replaced by someone outside his protected class. His sole assertion is that he was subjected to "harsher punishment, tactics than non-minority employees who did not make or assist in making complaints of racial discrimination." ECF No. 26 at PageID #: 209. Plaintiff fails to plausibly plead a claim of discrimination through indirect evidence due to his lack of factual allegations and support. *Cf.* Waldron v. Wal-Mart, Inc., No. 2:20-CV-06272, at *4 (S.D. Ohio Aug. 2, 2021)

8

ase: 4:22-cv-00486-BYP Doc #: 32 Filed: 11/30/23 9 of 16. PageID #: 286

(4:22CV486)

(dismissing Plaintiff's race discrimination claim, holding that while Plaintiff alleged in his motion to dismiss that he was treated differently on the basis of race, he failed to assert facts to support his claim).

### B. Title VII Retaliation Claim

Title VII prohibits both "status-based discrimination" by an employer and "employer retaliation on account of an employee's having opposed, complained of, or sought remedies for, unlawful workplace discrimination." *Univ. of Texas Se. Med. Ctr. V. Nassar*, 133 2517, 2522 (2013) (citing 42 U.S. §§ 2000e-2(a), 2000e-3(a)). A retaliation claim can be established through direct evidence of retaliation or through indirect evidence that would support an inference of retaliation. *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008).

Defendants argue that Plaintiff fails to allege any direct evidence of retaliation. ECF No. 27 at PageID #: 225. Plaintiff responds by denying that "Provitt's retaliation claim must be dismissed because he fails to plausibly allege that he engaged in protected activity" and citing attached affidavits. ECF No. 28 at PageID #: 244. Again, direct evidence requires no inferences to determine that unlawful retaliation was a motivating factor in the employer's decision. *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 349 (6th Cir. 2021); *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 544 (6th Cir. 2008) (explaining "an explicit statement from [Defendants that they were] firing him in response to his discrimination claims" would be direct evidence of retaliation). Plaintiff does not present any direct evidence, thus no plausible claim for retaliation through direct evidence.

Defendants also allege that Plaintiff fails to allege a plausible claim through indirect evidence as well. ECF No. 27 at PageID #: 226. When relying on circumstantial evidence, to establish a prima facie case of retaliation pursuant to Title XII, a plaintiff must show:

9

(4:22CV486)

> (1) he engaged in activity protected by Title VII; (2) Defendants knew that Plaintiff engaged in the protected activity; (3) Defendant took an action that was 'material adverse' to Plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action.

*Weeks v. Michigan, Dep't of Cmty. Health*, 587 F. App'x 850, 858 (6th Cir. 2004) (citing *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)).  As previously discussed, the plaintiff is not required to establish a prima facie case at the pleading stage, but elements of the prima facie case are still relevant aspects to consider when determining plausibility of a retaliation claim.  *Haire v. Farm & Fleet of Rice Lake, Inc.*, No. 21-CV-10967, 2022 WL 128815, at *7 (E.D. Mich. Jan. 12, 2022).

Defendants argue that Plaintiff's retaliation claim fails because he neglects to plausibly allege that he engaged in protected activity.  ECF No. 27 at PageID #: 226.  "To come within the protection of Title VII, [Plaintiff] must establish that [they] challenged an employment practice that [they] reasonably believed was unlawful."  *Harrison v. Valley Packaging Corp.*, No. 1:20-CV-00004, 2022 WL 103873, at *2 (M.D. Tenn. Apr. 6, 2022) (quoting *Yazdian v. ConMed Endoscopic Technologies, Inc.*, 739 F.3d 634, 645 (6th Cir. 2015)).  The Sixth Circuit has continued to broadly interpret challenging an unlawful employment practice or a "protected activity."  *Simpson v. Vanderbilt Univ.*, 359 F. App'x 562, 571 (6th Cir. 2009).  Protected activity has included "complaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices."  *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000).

Defendants argue that Provitt fails to allege he took an "'overt stand against suspected illegal discriminatory action.'"  ECF No. 27 at PageID #: 227.  Plaintiff responds by denying the claim that "Provitt fails to suggest that he made an 'overt stand against suspected illegal discriminatory action'" and citing to his attached affidavits.  ECF No. 28 at PageID # 246.

10

(4:22CV486)

Plaintiff does allege that he "reported [Mr. Jech's] conduct to the labor foreman and the safety person." ECF No. 26 at PageID #: 212. However, he fails to provide details about what was discussed. A plaintiff must allege protected activity to survive a motion to dismiss. *Krueger v. Home Depot USA, Inc.*, 674 F. App'x 490, 495 (6th Cir. 2017). "In order to engage in protected opposition activity … a plaintiff must make an overt stand against suspected illegal discriminatory action." *Masaebi v. Arby's Corp.*, No. 2:19-CV-5271, 2020 WL 1275724, at *5 (S.D. Ohio Mar. 17, 2020) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989)).

Here, Plaintiff fails to allege he made an overt stand against suspected illegal discriminatory action. Simply talking to a supervisor or manager does not rise to the level of engaging in a protected activity. Cf. *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) (finding the Plaintiff did not engage in protected activity because his statements to his manager were too vague to amount to opposition of an unlawful employment practice); *Masaebi v. Arby's Corp.*, No. 2:19-CV-5271, 2020 WL 1275724, at *6 (S.D. Ohio Mar. 17, 2020) (holding discussing a language barrier with a supervisor is not taking an overt stand against discriminatory activity). Plaintiff does not claim he engaged in a protected activity, nor does he allege his conversation with the labor foreman or the safety person included an overt stand against suspected illegal discriminatory action.

Plaintiff fails to plead facts that plausibly support a claim of retaliation because he does not allege facts that he engaged in a protected activity. Therefore, the Court dismisses his retaliation claim.

(4:22CV486)

### C. Breach of Contract

Defendants argue that Plaintiff's breach of contract claim should be dismissed because he fails to identify which portions of the contract were breached. ECF No. 27 at PageID #: 228. Plaintiff responds by denying Defendants' statement that "although it is not clear whether Provitt is asserting a breach of contract claim, to the extent that he is, that claim also fails as a matter of law" and cites to his attached affidavits. ECF No. 28 at PageID #: 247. In his Amended Complaint Plaintiff asserts that terminating his employment violated his collective bargaining agreement. ECF No. 26 at PageID #: 212. Plaintiff also alleges Defendants denied him the enjoyment of his employment contract because of his race. ECF No. 26 at PageID #: 213.

In order to advance a breach of contract claim, a plaintiff must identify and present the actual terms of the contract allegedly breached. *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.,* 492 F. App'x 518, 522 (6th Cir. 2012) (quoting *Harris v. Am. Postal Workers Union,* No. 98-1734, 1999 WL 993882, at *4 (6th Cir. 1999)). Plaintiff fails to produce any contract terms and identify which terms were breached. Therefore, the Court dismisses Plaintiff's breach of contract claim.

### D. Due Process Violation 42 U.S.C. § 1983

Defendants argue the Court should dismiss Plaintiff's claim under 42 U.S.C. § 1983. Plaintiff alleges he was terminated without due process, depriving him of equal protection under the law, and violating 42 U.S.C. §1983. Defendants explain that Plaintiff fails to support his claim with anything more than labels and conclusions, and, more significantly, Defendants cannot violate 42 U.S.C. § 1983 because Defendants are private entities. ECF No. 27 at PageID #: 229. Plaintiff responds by denying that "Defendants cannot violate 42 U.S.C. § 1983 because Defendants are private entities." ECF No. 28 at PageID #: 248.

12

(4:22CV486)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Kirkendall v. Jaramillo*, No. 16-1500, 2016 WL 11005056, at *2 (6th Cir. Dec. 9, 2016) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Defendants are individuals and a private entity. Defendants are not acting under the color of state law, nor does Plaintiff allege that they are. Therefore, the Court dismisses Plaintiff's 42 U.S.C. § 1983 claim against Defendants.

### E. U.S.C. § 42.104

Plaintiff alleges a claim of unlawful discrimination under "U.S.C. 42.104." ECF No. 26 at PageID #: 211. Defendants move to dismiss the claim because "US.C. 42.104" is not cognizable, and on the chance Plaintiff meant 28 C.F.R. § 42.104, the claim should still be dismissed because Plaintiff fails to properly allege a claim under 28 C.F.R. § 42.104. Under 28 C.F.R. § 42.104, no person shall be subjected to discrimination under federally assisted programs. The Court finds that "U.S.C. 42.104" is not an existing statute. Additionally, the Court finds that Plaintiff fails to allege any connection to or action through a federally assisted program, failing to plausibly plead a claim under 28 C.F.R. § 42.104. Therefore, the Court dismisses Plaintiff's claim under "U.S.C. 42.104."

### F. Unlawful Employment Agency Practices

Defendants move to dismiss any claim that could be construed under 42 U.S.C. § 2000e-2(b)-(d). Plaintiff inserts a portion of text from 42 U.S.C. § 2000e-2 into his Complaint. ECF No. 26 at PageID #: 210-211. This portion includes text about "employment agency practices," "labor organization practices," and "training programs." ECF No. 26 at PageID #: 210-211. Defendants argue that Plaintiff fails to allege facts that J.T. Thorpe is an employment agency or

13

(4:22CV486)

labor organization, nor does he allege that he participated in any training programs. ECF No. 27 at PageID #: 230. The Court also does not find any facts were alleged to support a claim under 42 U.S.C. § 2000e-2(b)-(d). To the extent that any claim is purported under these sections, the Court dismisses them.

### G. Declaratory Judgment

Defendants argue that Plaintiff's claim for Declaratory Judgment under 28 U.S.C. §§ 2201, 2202 and Ohio Common law should be dismissed. ECF No. 27 at PageID #: 231. Defendants claim that Plaintiff fails to state a claim for violation of any law, supporting dismissal of declaratory judgment claims as a matter of law. ECF No. 27 at PageID #: 231. Additionally, Defendants argue that a District Court should deny declaratory relief if an alternative remedy is better or more effective. ECF No. 27 at PageID #: 231. Plaintiff responds by denying that a declaratory judgment claim should be dismissed. ECF No. 28 at PageID #: 249.

Courts enjoy "substantial discretion" when deciding whether to exercise declaratory jurisdiction. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008). When deciding to exercise jurisdiction, the Court has five factors to consider. *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). After reviewing the five factors, the Court declines to exercise jurisdiction over the declaratory judgment claim, dismissing the claim.

### H. Title XII Claims Individual Capacity

Defendants additionally argue that Plaintiff's claims should be dismissed against Defendants Kevin Howard, Rich Giaramita, and Rory Jech because they cannot be sued in their individual capacities and claims against them in their official capacities are duplicitous. ECF No. 27 at PageID #: 231. Plaintiff simply denies this argument. ECF No. 28 at PageID #: 249.

(4:22CV486)

The Court declines to resolve this dispute given that it has already dismissed the claims against all Defendants because Plaintiff failed to state a claim upon which relief could be granted.

### I. Timely Service

Defendants additionally raise that Plaintiff's Complaint should be dismissed because it was not timely served. Plaintiffs have 90 days to serve a defendant unless good cause can be shown for the failure. Fed. R. Civ. P. 4(m). Plaintiff filed his Complaint on March 28, 2022, and the certified mail receipts show Defendants did not receive service of the Complaint until August 26, 2022, well past the 90 days allotted for service. Therefore, even if the alleged claims were not already being dismissed, the Complaint would be dismissed for failure to timely serve Defendants.

### J. Motion to Strike

On September 20, 2023, Plaintiff filed a Motion to Strike (ECF No. 30). Defendants responded on September 22, 2023, explaining Plaintiff's Motion to Strike is not properly directed to Defendant's Motion to Dismiss and the Motion to Strike is untimely. ECF No. 31 at PageID #: 272.

A Court can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "viewed with great disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). The Sixth Circuit has held that a motion to strike "is a drastic remedy to be resorted to only when required for purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

(4:22CV486)

Here, Plaintiff requests the Court to strike any and all filings by Defendants' counsel as hearsay because the Motion to Dismiss "requests [the] Court to consider facts outside the record which have not been presented in the form required by 12(b)(6) and 56(c)." ECF No. 30 at PageID #: 269. Plaintiff fails to specify what facts are outside of the record, and Plaintiff failed to file this motion in a timely fashion, filing this Motion 77 days after being served with the Motion to Dismiss. *See Laborers Pension Trust Fund-Detroit and Vicinity v. L.V. Painting & Contracting, Inc.*, No. 16-12003, 2017 WL 371229, at *3 (E.D. Mich. Jan. 26, 2017) (denying plaintiff's Rule 12(f) motion filed 12 days late as untimely); *End Prod. Results, LLC v. Dental USA, Inc.*, No. 12-11546, 2014 WL 5347354, at *1 (E.D. Mich. Oct. 20, 2014) (denying motion to strike, filed 69 days after the defendant's answer was filed, as untimely). Therefore, the Court finds the Motion to Strike (ECF No. 30) untimely, and additionally, finds Plaintiff fails to provide any factual basis to strike any portion of Defendants' Motion to Dismiss. Accordingly, the Court dismisses Plaintiff's Motion to Strike (ECF No. 30).

### IV. Conclusion

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss (ECF No. 27). Additionally, the Court denies Plaintiff's Motion to Strike (ECF No. 30).

IT IS SO ORDERED.

| | |
|---|---|
| November 30, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |